Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5515 | **DATE** | 1/22/2001 |
| **CASE TITLE** | SHIRLEY WOODARD vs. CHICAGO BOARD OF EDUCATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss plaintiff's deprivation of liberty interest claim is granted without prejudice and with leave to file an amended complaint within 14 days of this order. Enter memorandum opinion and order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 2 4 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 JAN 23 PM 5:23 | JAN 2 4 2001 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHIRLEY WOODARD, )
)
Plaintiff, )
) No. 00 C 5515
v. )
) Judge John W. Darrah
CHICAGO BOARD OF EDUCATION, )
formerly known as the Chicago School Reform )
Board of Trustees, and LARRY YOUNG, )
)
Defendants. )

JAN 2 4 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shirley Woodard, filed suit against defendants, the Chicago Board of Education (Board) and Larry Young, alleging deprivation of her civil rights pursuant to 42 U.S.C. § 1983, Count I; breach of contract, Count II; and tortuous interference with contractual relations, Count III. Plaintiff subsequently voluntarily dismissed Count III of her complaint. Before this Court is the Board's Motion to Dismiss plaintiff's deprivation of liberty interest claim.

On or about October 28, 1998, plaintiff entered into a Uniform Principal Performance Contract with the South Loop Local School Council, an agent of the Board. The contract provided that plaintiff would be employed as the principal of the South Loop School from November 2, 1998 through November 2, 2002. On January 27, 2000, the Board sent a letter to plaintiff notifying her that she was temporarily assigned to the Office of Schools and Regions pending the results of an investigation. By letter to plaintiff's attorney dated February 4, 2000, the Board informed plaintiff that she should stay home until further notice.

In September 2000, plaintiff filed suit, alleging, in part, a "Deprivation of Civil Rights." The complaint alleged that plaintiff's contract with the Board gave plaintiff " a protect able property and

16

liberty interest within the meaning of the Fourteenth Amendment of the United States Constitution in her continued employment as the Principal of the South Loop School." The complaint also alleged "The conduct of the Board ... under ... 42 U.S.C. Section 1983, the failure to give Woodard notice of charges, a fair hearing, and due process, was caused by the Board ... its employees and agents, acting with final making authority. The Board ... has a policy, custom or usage of failing to provide due process to reassigned administrators...."

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiff. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). A pleading survives a motion to dismiss if it contains enough information to allow the defendant and the court to understand the gravamen of the plaintiff's complaint. *Doherty v. City of Chicago*, 75 F.3d 318, 326 (7th Cir. 1996).

Defendant presents several theories to support its Motion to Dismiss plaintiff's deprivation of liberty interest claim, including that plaintiff failed to allege: (1) the deprivation of her liberty interests were caused by the Board's custom, practice, or policy; (2) that any defamatory or stigmatizing information was publicly disclosed; and (3) that she suffered a tangible loss of job opportunities as a result of the public disclosure.

Plaintiff alleges a violation of § 1983 based on a deprivation of liberty. Accordingly, she must establish that the alleged violations were part of a custom or policy of the municipality, as required in § 1983 claims against a municipal corporation (*Looper Maintenance Serv. Corp. v. City of Indianapolis*, 197 F.3d 908, 912 (7th Cir. 1999)); and she must establish that: (1) the employee was stigmatized by the employer's actions; (2) the stigmatizing information was publicly disclosed; and (3) the employee suffered a tangible loss of other employment opportunities as a result of the

2

public disclosure, as required to show a deprivation of liberty (*Head v. Chicago School Reform Board of Trustees*, 225 F.3d 794, 801 (7th Cir. 2000) (*Head*)). Here, plaintiff has sufficiently plead the alleged violations were part of a custom or policy of the municipality; however, she has not sufficiently plead a deprivation of a liberty interest.

Count I of plaintiff's complaint alleges causes of action pursuant to § 1983 for deprivation of property and liberty interest and due process. While plaintiff's complaint does not allege a policy or custom for each of the theories under § 1983, the complaint sufficiently put the Board on notice that plaintiff alleged the Board had a policy or custom of delaying hearings in violation of plaintiff's due process rights, and such delay allegedly caused plaintiff a deprivation of a liberty interest. See *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000) (finding plaintiff sufficiently plead policy or custom through conclusory statements buttressed by facts alleging wrongdoing by the City).

However, plaintiff has failed to sufficiently plead any of the elements needed to establish a deprivation of a liberty interest. Plaintiff's complaint does not allege that plaintiff was stigmatized by the Board's actions, the stigmatizing information was publicly disclosed, or that she suffered a loss of other employment opportunities as a result of the public disclosure. See *Head*, 225 F.3d at 802; *Townsend v. Vallas*, 99 F.Supp.2d 902, 909 (N.D.Ill. 2000) (plaintiff failed to establish prospective employment was foreclosed).

Defendant's Motion to Dismiss plaintiff's deprivation of liberty interest claim is granted without prejudice and with leave to file an amended complaint within 14 days of this order.

Dated: January 22, 2001

JOHN W. DARRAH
United States District Judge

3