Minute Order Form (0/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 5515 | DATE | 12/18/2001 |
| CASE TITLE | SHIRLEY WOODWARD vs. CHICAGO BOARD OF EDUCATION | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendant's renewed motion for judgment as a matter of law is denied in part and granted in part. The renewed motion for judgment as a matter of law is denied as to Woodard's deprivation of liberty interest and property interest without procedural due process claims and granted as to Woodard's breach of contract claim. The judgment entered on October 29, 2001 is vacated. Judgment is entered for Woodard on the jury's verdicts as to the deprivation of liberty interest and property interest without procedural due process claims. Judgment is entered for defendant on the breach of contract claim.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 19 2001 | |
| | Notified counsel by telephone. | | date docketed | 67 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | DEC 19 2001 | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHIRLEY WOODARD, )<br>)<br>Plaintiff, )<br>) No. 00 C 5515<br>v. )<br>) Judge John W. Darrah<br>CHICAGO BOARD OF EDUCATION, )<br>formerly known as the Chicago School Reform )<br>Board of Trustees, and LARRY YOUNG, )<br>)<br>Defendants. ) | |

DEC 19 2001

## MEMORANDUM OPINION AND ORDER

On October 29, 2001, a jury returned a verdict in favor of plaintiff, Shirley Woodard (Woodard). The jury awarded Woodard $150,000 in respect to her breach of contract claim, $150,000 in actual damages in respect to her deprivation of liberty interest without procedural due process claim, and $1.00 in actual damages in her deprivation of property interest without procedural due process claim. Presently before the Court is defendant's, the Chicago Board of Education's (Board), Renewed Motion for Judgment as a Matter of Law.

A court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a); *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 149 (2000) (*Reeves*). In entertaining a motion for judgment as a matter of law, the court reviews all of the evidence in the record and draws all reasonable inferences in favor of the nonmoving party. The court does not make credibility determinations or weigh the evidence. *Reeves*, 530 U.S. at 151.

Defendant first argues that it is entitled to judgment as a matter of law on Woodard's deprivation of property interest without procedural due process claim because Woodard failed to

establish that she suffered an economic loss from the Board's actions.

A plaintiff must show "some economic loss from the [defendant's] actions, or at least establish an identifiable impact on [plaintiff's] future income or economic benefits", to recover on a deprivation of property interest claim. *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (*Bordelon*). A loss of a position that impedes future job opportunities or that has other indirect effects on future income can inflict actionable deprivation of property. *Head v. Chicago School Reform Board of Trustees*, 225 F.3d 794, 803 (7th Cir. 2000) (*Head*) citing *Swick v. City of Chicago*, 11 F.3d 85, 86 (7th Cir. 1993).

In the instant case, the jury heard testimony that Woodard's reassignment to "Camp Beverly" for two years and her removal from her position impeded her future job opportunities for both the renewal of her current contract and for positions at other institutions. Such testimony, although offered by Woodard herself, is with the province of the jury to determine its credibility and weight and was sufficient for a reasonable jury to find that the Board's actions had an identifiable impact on Woodard's future income or economic benefits.

The Board cites to *Bordelon* in its argument that the above evidence was insufficient. The plaintiff in *Bordelon* did not show an economic loss or an identifiable impact on his future income or economic benefits, in part, because *Bordelon* was cleared of the charges against him, reinstated into his position, and his contract was renewed for an additional term. *Bordelon*, 233 F.3d at 531. Woodard, on the other hand, showed that she was still removed from her position almost two years after the allegations were made and that she attempted to be returned to her position while at Camp Beverly, the allegations against Woodard had still not been resolved, and there was no indication that her contract would be renewed. Accordingly, *Bordelon* is clearly distinguishable from the present

2

case.

The Board also argues that it is entitled to judgment as a matter of law on Woodard's deprivation of liberty interest without procedural due process claim because she failed to prove the required elements of the claim.

A plaintiff must establish that (1) the employee was stigmatized by the employer's action, (2) the stigmatizing information was publicly disclosed, and (3) the employee suffered a tangible loss of other employment opportunities as a result of the public disclosure to show a deprivation of liberty. *Head*, 225 F.3d at 801. The first two elements can be satisfied by an inference of a defamation claim. *Clark v. Maurer*, 824 F.2d 565, 566 (7th Cir. 1987). "[A] liberty interest may be threatened ... when the government removes someone from an employment position [and] the individual's good name, reputation, honor or integrity are at stake by such charges as immorality, dishonesty ... disloyalty ..." *Townsend v. Vallas*, 256 F.3d 661, 669 (7th Cir. 2001) quoting *Munson v. Friske*, 754 F.2d 683, 693 (7th Cir. 1985).

At trial, Woodard provided testimony that school board officials had an internal audit conducted at Woodard's school due to possible financial irregularities. Subsequently, Woodard was removed as principal and placed in Camp Beverly. The investigation into the school's finances and Woodard's removal and reassignment to Camp Beverly was reported in local newspapers. A reasonable jury could have found this evidence sufficient to satisfy the requirements of the first two elements.

As to the third element, as stated above, Woodard provided sufficient evidence for a reasonable jury to conclude that she suffered a tangible loss of other employment opportunities.

Defendant also argues that Woodard failed to prove an official policy or custom was the

cause of her injury.

Woodard was required to establish that the alleged violations were part of a custom or policy of the municipality, as required in § 1983 claims against a municipal corporation. *Looper Maintenance Serv. Corp. v. City of Indianapolis*, 197 F.3d 908, 912 (7th Cir. 1999). A plaintiff may prove a municipality's policy has violated her constitutional rights in three ways: (1) the existence of an express policy that, when enforced, constitutes a deprivation; (2) a widespread practice that, while not authorized by written law or an express policy, is so permanent and well-settled that it constitutes a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by an individual with final policy-making authority. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).

Contrary to the Board's argument, Woodard did present evidence at trial that a reasonable jury could find established a widespread practice that was so permanent and well-settled that it constituted a custom or usage with the force of law. Woodard testified that personnel were routinely investigated and removed from their position and placed in Camp Beverly, that was known as the place individuals went that were under investigation. Paul Vallas (Vallas) also testified to several other individuals that were removed from their positions and sent to Camp Beverly. It was also well known that Camp Beverly was the place individuals under investigation were sent and such information was reported in the press and indicated by Vallas's testimony that Camp Beverly is a "media term". Furthermore, there was evidence presented at trial in which a reasonable jury could have determined that the constitutional injury was made by an individual with final policy-making authority.

Lastly, the Board argues that judgment as a matter of law should be entered in Woodard's

4

breach of contract claim because she did not prove that she suffered legally cognizable damages.

Illinois does not allow punitive and emotional distress damages for a breach of contract. *Stafford v. Puro*, 63 F.3d 1436, 1443 (7th Cir. 1995); *Morrow v. L.A. Goldschmidt*, 112 Ill.2d 87 (1986). However, compensation for emotional distress is allowed where the breach of contract was wanton or reckless and caused bodily harm or where the defendant had reason to know, when the contract was made, that its breach would cause more than pecuniary loss. *Maere v. Churchill*, 116 Ill. App. 3d 939, 944 (1983).

At trial, Woodard acknowledged that she received all of the compensation and benefits she was entitled under the contract. She also testified that the breach of contract caused her humiliation, embarrassment, and the onset of high blood pressure.

Woodard argues that the breach of contract verdict should stand because she is entitled to damages for mental suffering where the breach was wanton and willful and caused bodily harm. However, the jury was instructed that the term damages did not include "any amounts the plaintiff claims she is entitled to as a result of emotional suffering or for physical injuries." Therefore, a reasonable jury could not have found that Woodard's emotional distress and onset of high blood pressure were the basis of damages for the breach of contract claim. Woodard did not present any other evidence of damages caused by the breach of contract. Accordingly, the Board is entitled to judgment as a matter of law on this claim.

For the reasons stated above, the Board's Renewed Motion for Judgment as a Matter of Law is denied in part and granted in part. The Renewed Motion for Judgment as a Matter of Law is denied as to Woodard's deprivation of liberty interest and property interest without procedural due process claims and granted as to Woodard's breach of contract claim.

The judgment entered on October 29, 2001 is vacated. Judgment is entered for Woodard on the jury's verdicts as to the deprivation of liberty interest and property interest without procedural due process claims. Judgment is entered for defendant on the breach of contract claim.

Dated: 12/18/01

JOHN W. DARRAH
United States District Judge