Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5515 | **DATE** | 12/5/2002 |
| **CASE TITLE** | Shirley Woodard vs. Chgo Bd of Education | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's petition for attorney's fees is granted in the amount of $79,237.65. The amount is calculated as detailed in the attached memorandum opinion and order. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 6 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 121 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | 02 DEC -5 PM 12:58 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHIRLEY WOODARD, )
)
Plaintiff, )
)
v. ) No. 00 C 5515
)
) Judge John W. Darrah
CHICAGO BOARD OF EDUCATION, )
formerly known as the Chicago School Reform )
Board of Trustees, and LARRY YOUNG, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

In October 2001, a jury returned a verdict in favor of Plaintiff on her breach of 42 U.S.C. § 1983 claims and her breach of contract claim. In December 2001, this Court affirmed the Section 1983 claims and reversed the breach of contract claim. Plaintiff presently seeks attorney's fees and costs.

Plaintiff's attorney, Denise Mercherson ("Mercherson), seeks attorney's fees in the amount of $62,100 based on 207 hours of work at the rate of $300 per hour. Plaintiff's attorney, Clara Larry ("Larry"), seeks attorney's fees in the amount of $18,600[1] based on 62 hours of work at the rate of $300 per hour.

The party seeking attorney's fees bears the burden of proving the reasonableness of the hours worked and the claimed hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (*Hensley*). The amount of reasonable fees is the number of hours reasonably expended on the case multiplied

---

[1] In the Petition for Attorney's Fees, Clara Larry seeks $19,200 in fees. She avers that she billed for sixty-two hours of work at the rate of $300 per hour. Sixty-two hours times the rate of $300 per hour equals $18,600.

by a reasonable hourly rate. *Hensley*, 461 U.S. at 433.

The parties do not dispute that the number of hours expended by both of Plaintiff's attorneys is reasonable, and the Court finds that the amount expended by each attorney was reasonable.

After determining the reasonably expended hours, a court must determine a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The reasonable hourly rate is based on the "market rate" for the services rendered. *See People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). Counsel seeking fees has the burden of proving the market rate. Once counsel establishes his or her rate, the burden shifts to the opposing party to demonstrate why the rate should be lower. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 554 (7th Cir. 1999) (*Spegon*).

An attorney's market rate is the rate that lawyers of similar experience and ability in the community normally charge their paying clients for the same type of work. *Spegon*, 175 F.3d at 555. Counsel's actual billing rate for comparable work is presumptively appropriate for use as the market rate. If this cannot be determined, the next best evidence of counsel's market rate is evidence of rates that similarly experienced attorneys in the community charge paying clients for similar work and evidence of fee awards that attorneys have received in similar cases. *Spegon*, 175 F.3d at 555.

Mercherson seeks an hourly rate of $300 per hour. Mercherson supports her request through an affidavit in which she avers that the $300-per-hour rate is the rate customarily charged in the community for similar work performed by attorneys with similar skills and experience. She also avers that she billed two other clients for whom she performed services during the same time period at the rate of $300 per hour. She provides time records demonstrating that she was charging Plaintiff $300 per hour. She also provides the affidavit of L. Steven Platt, an attorney who concentrates his practice in labor and employment law for approximately twenty-four years, who avers that the rate

of $300 per hour is reasonable based on Mercherson's experience and skill, his knowledge of the work performed in the case, and the community in which the work took place.

Defendant argues that the appropriate market rate for Mercherson is $225, as demonstrated in several other cases within the Northern District in which attorneys were awarded fees between $210 and $275 per hour.

Here, Mercherson has provided materials establishing that her "market rate" for the services rendered was $300 per hour. Defendant attempts to rebut this presumptively appropriate rate by presenting other cases wherein attorneys received less than $300 per hour. However, the cases provided do not rebut Mercherson's market rate. For example, Defendant cites to *Mohr v. Chicago School Reform Board of Trustees*, 2002 WL 472975 (N.D. Ill. March 20, 2002), in which the attorney received $275 per hour after seeking $350 per hour. However, the *Mohr* attorney was billing the client at the rate of $275 per hour. Accordingly, Defendant has failed to demonstrate why this lower rate is more appropriate than Mercherson's market rate. Furthermore, the cases cited by Defendant were decided up to three years ago, and the general increase in rates over that period of time reasonably account for most of the difference between the hourly rate awarded rate then and those now sought. Case law also supports the rate of $300. *See e.g., Gaytan v. Kapus*, 181 F.R.D. 573, 581 (N.D. Ill. 1998) ($300 hourly rate for Section 1983 case). Based on the foregoing, the hourly rate of $300 as a basis for Plaintiff's attorney's fees is reasonable.

Larry also seeks an hourly rate of $300. Larry supports her request through an affidavit in which she avers that the $300-per-hour rate is the rate customarily charged in the community for similar work performed by attorneys with similar skills and experience. She also avers that she billed two other clients for whom she performed services during the same time period at the rate of

$300 per hour. She provides time records demonstrating that she was charging Plaintiff $300 per hour. She also provides the affidavit of Bridgett P. Ross, an attorney who previously worked primarily in the area of employment discrimination law and has known and/or worked with Larry since 1994, who avers that the rate of $300 per hour is reasonable based on Larry's experience and skill, Larry's reputation, and the community in which the work took place.

Based on the affidavits and materials provided by Larry, she has established that her market rate was $300 per hour. Defendant attempts to rebut Larry's presumptively reasonable rate of $300 per hour by arguing that Larry acted as a second-chair during trial; therefore, she should be awarded a rate as non-lead counsel. Citing *Not on the Guest List v. City of Chicago*, 1999 WL 350655 (N.D. Ill. 1999) (*Guest*), Defendant contends that the hourly rate of $175 is appropriate.

Larry concedes in her affidavit that she second-chaired the trial; however, she also states that she assisted in the preparation for trial. Furthermore, the attorneys awarded the hourly rate of $175 or less in *Guest* are not properly comparable to Larry as Larry has several more years' experience than the attorneys who were awarded $175 and provided significant legal services to the Plaintiff during the trial. Accordingly, a reasonable hourly rate of $225 is appropriate for Larry.

Plaintiff also seeks $3,147.65 in expenses and costs and $15,020 for the one expert witnesses' fees. Defendant takes issue only with the expert witness fee. Defendant argues that this fee is not recoverable.[2]

Expert fees and costs beyond those set forth in 42 U.S.C. § 1821(b) and 28 U.S.C. § 1920, may not be awarded under federal fee-shifting statutes unless the statute expressly provides for such

---

[2]In her reply brief, Woodard seeks to allow new substituted counsel additional time to file a reply regarding expert fees. However, in light of the settled law on this issue, no further reply is required.

4

costs and fees. *See West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83, 88 (1991). Plaintiff seeks expert fees pursuant to Section 1988. Section 1988 allows expert fees to be awarded, at the court's discretion, "in any action or proceeding to enforce a provision of Section 1981 or 1981a of [the] title...." 42 U.S.C. §1988(c). Plaintiff's action was not brought pursuant to Section 1981 or 1981a; instead, her cause of action was brought under Section 1983. Therefore, she is only able to recover the $40-per-day witness fee authorized by 28 U.S.C. § 1821.

Lastly, Plaintiff seeks an additional $7,050 in fees incurred in litigating the fee petition.

Courts are generally not in favor of shifting additional costs incurred in preparing fee petitions. *Harper v. City of Chicago Heights*, 1994 WL 710782 (N.D. Ill. Dec. 16, 1994) (*Harper*). However, so as not to penalize a plaintiff for pursuing her statutory rights, reasonable fees-on-fees can be awarded. *See Bond v. Stanton*, 630 F.2d 1231, 1235 (7th Cir. 1980). Only those fees reasonably incurred shall be compensated. *Harper*, 1994 WL 710782 at * 6.

The Court finds that the fees incurred in preparing and defending the Petition for Fees are not appropriate in the instant case. Accordingly, these fees are not awarded.

For the reasons stated above, Plaintiff's Petition for Attorney's Fees is granted in the amount of $79,237.65. This amount is calculated as follows: 207 hours x $300 = $62,100 (Mercherson) + 62 hours x $225 = $13,950 (Larry) + $3,147.65 (Costs ) + $40 (Witness Fee) = 79,237.65.

Dated: December 5, 2002

JOHN W. DARRAH
United States District Judge